IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CRYSTAL GAYLE BEST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21CV64 |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social | ) | |
| Security,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Crystal Gayle Best, brought this action pursuant to the Social Security Act (the "Act") to obtain judicial review of a final decision of Defendant, the Acting Commissioner of Social Security, denying Plaintiff's claim for Disability Insurance Benefits ("DIB"). (Docket Entry 1.) After Defendant filed the certified administrative record (Docket Entry 10 (cited herein as "Tr. __")), Plaintiff moved for judgment (Docket Entry 15; see also Docket Entry 16 (Plaintiff's Brief)). Defendant thereafter filed a Motion to Remand Under Sentence Four of 42 U.S.C. § 405(g) ("Motion to Remand") (Docket Entry 17; see also Docket Entry 18 (Defendant's Memorandum)), whereupon Plaintiff responded (Docket

---

[1] President Joseph R. Biden, Jr., appointed Kilolo Kijakazi as the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew M. Saul as the Defendant in this suit. Neither the Court nor the parties need take any further action to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Entry 19), agreeing with Defendant's request for remand (see id. at 1), but asking the Court to "further instruct [] Defendant to instruct the ALJ to . . . offer [Plaintiff] the opportunity for a new hearing" (id. at 2). Defendant then replied, contesting Plaintiff's hearing request. (Docket Entry 20.) For the reasons that follow, the Court should grant Defendant's Motion to Remand, but deny Plaintiff's request that the Court order an ALJ to hold a new hearing.

## I. DISCUSSION

### A. The Parties' Contentions

Defendant filed her instant Motion to Remand after "determin[ing] that further evaluation of Plaintiff's claim [wa]s warranted." (Docket Entry 18 at 1.) Defendant's Motion "requests that the Court issue an Order remanding this case under the fourth sentence of 42 U.S.C. § 405(g), for the purpose of permitting further action by the Commissioner." (Id. at 2.) Defendant noted that, "[u]pon remand, the Appeals Council w[ould] direct an administrative law judge [('ALJ')] to further evaluate Plaintiff's claim, take any further action to complete the administrative record, and issue a new decision." (Id.)

In Plaintiff's response, she states that she "does not oppose the motion to remand," but "oppose[s] . . . Defendant['s statement] in her memorandum that[,] '[u]pon remand, the Appeals Council will direct an [ALJ] to further evaluate Plaintiff's claim, take any

2

further action to complete the administrative record, and issue a new decision,'" because "Defendant fails to and refuses to include that the ALJ will offer [Plaintiff] the opportunity for a new hearing." (Docket Entry 19 at 1 (quoting Docket Entry 18 at 2).) According to Plaintiff, although "'Social Security Administration Regulations at 20 CFR §§ 404.977 and 416.1477 do not explicitly state that a hearing must be held whenever a case is remanded[, ] due process requires that [Plaintiff] be given an opportunity for a hearing on the entire period to be ruled upon in the decision on remand, and to submit additional evidence or contentions or to raise questions of law as a result of the [Appeals] Council's remand of the case.'" (Id. at 1-2 (quoting Hearings, Appeals and Litigation Law Manual (HALLEX) II-5-1-3).)[2] Plaintiff asserts that, upon remand, she "has new evidence to submit, including additional testimony, and contentions to raise." (Id. at 1.)

In response, Defendant contends that Plaintiff's insured status for DIB ended on June 30, 2018 (Docket Entry 20 at 1) and

---

[2] As recently explained by another federal district court:

> The HALLEX Manual is an internal manual, promulgated by the Associate Commissioner of Hearings and Appeals to provide "'guiding principles, procedural guidance and information' to adjudicators and staff of the Office of Hearings and Appeals." Bowie v. Comm[issione]r of Soc. Sec., 539 F.3d 395, 397 (6th Cir. 2008) (quoting [HALLEX] I-1-0-5 (2011) []). Although not binding on th[e c]ourt, staff and adjudicators are required to comply with the HALLEX Manual. Id. at 399[.]

McCauley v. Commissioner of Soc. Sec., No. 3:20CV13069, 2021 WL 5871527, at *16 (E.D. Mich. Nov. 17, 2021) (unpublished), recommendation adopted, 2021 WL 5867347 (E.D. Mich. Dec. 10, 2021) (unpublished).

3

thus, because "the period at issue expired before the date of the [ALJ's last] hearing decision, the ALJ [upon remand would] not [be] required to offer [Plaintiff] the opportunity for a hearing unless the ALJ f[ound] that the facts warrant[ed] it" (id. at 2 (citing HALLEX II-5-1-3)). Defendant further informs the Court that she could not "obtain authority from the Appeals Council to offer Plaintiff the opportunity for a new hearing on remand," but that "Plaintiff, through counsel, will have the opportunity to request an administrative hearing and explain why the facts warrant such a hearing when the case is remanded to the agency for further administrative proceedings." (Id.)

**B. The Applicable Law**

The statute authorizing judicial review of final decisions by the Commissioner clearly vests this Court with the power to order rehearings before an ALJ on remand. See 42 U.S.C. § 405(g) (granting federal district courts the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" (emphasis added)); see also Diane B. v. Commissioner of Soc. Sec., No. 2:18CV1, 2018 WL 5024171, at *5 (D. Vt. Oct. 16, 2018) (unpublished) ("[T]he [c]ourt clearly has the authority to order a new hearing on remand." (citing 42 U.S.C. § 405(g))); Stark v. Commissioner of Soc. Sec., No. 5:15C477, 2017 WL 4475921, at *3

4

(N.D. Ohio Oct. 6, 2017) (unpublished) ("[I]t is within the [c]ourt's power to decide whether to order a new hearing on remand." (citing 42 U.S.C. § 405(g))). As well-explained by the United States Supreme Court:

> Where a court finds that the [Commissioner] has committed a legal or factual error in evaluating a particular claim, the district court's remand order will often include detailed instructions concerning the scope of the remand, the evidence to be adduced, and the legal or factual issues to be addressed. . . . Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review.

Sullivan v. Hudson, 490 U.S. 877, 885–86 (1989) (citations omitted); see also Williams v. Berryhill, No. 1:17CV993, 2018 WL 4350088, at *3 (E.D. Cal. Sept. 11, 2018) (unpublished) ("Sullivan provides that[,] when a district court's remand order contains specific directions for the Commissioner to follow on remand, it is legal error for the Commissioner to deviate from those instructions.").

On the other hand, the Commissioner's regulations make clear that cases remanded by federal courts return first to the Appeals Council, and that, absent a federal district court order specifying otherwise, the Appeals Council retains the discretion to decide which further administrative proceedings will best comply with the remand order:

> When a Federal court remands a case to the Commissioner for further consideration, the Appeals Council, acting on behalf of the Commissioner, may make a decision . . .,

5

>   dismiss the proceedings, . . . <u>or</u> remand the case to an
>   [ALJ] . . . with instructions to take action and issue a
>   decision or return the case to the Appeals Council with
>   a recommended decision.

20 C.F.R. § 404.983 (emphasis added); <u>see also</u> 20 C.F.R. § 404.977(a) ("The Appeals Council <u>may</u> remand a case to an [ALJ] so that he or she may hold a hearing and issue a decision or a recommended decision." (emphasis added)). Thus, resolution of the instant Motion to Remand turns on whether Plaintiff has made a sufficient showing for this Court to <u>require</u> the Appeals Council to remand this matter to an ALJ for a rehearing. For the reasons more fully explained below, the Court should decline to include an order for a rehearing in its order granting the Motion to Remand.

**C. Analysis**

To begin, Plaintiff's undeveloped suggestion that "'<u>due process</u> requires that [Plaintiff] be given an opportunity for a hearing on the entire period to be ruled upon in the decision on remand, and to submit additional evidence or contentions or to raise questions of law'" (Docket Entry 19 at 1 (emphasis added) (quoting HALLEX II-5-1-3)) misses the mark. As Defendant argues, because "the period at issue expired before the date of the [ALJ's last] hearing decision, the ALJ [upon remand would] not [be] required to offer [Plaintiff] the opportunity for a hearing unless the ALJ f[ound] that the facts warrant[ed] it." (Docket Entry 20 at 2 (citing HALLEX II-5-1-3).) The HALLEX provision in question provides, in pertinent part, as follows:

6

> DISCUSSION: Social Security Administration Regulations at 20 CFR §§ 404.977 and 416.1477 do not explicitly state that a hearing must be held whenever a case is remanded. However, due process requires that the claimant be given an opportunity for a hearing on the entire period to be ruled upon in the decision on remand, and to submit additional evidence or contentions or to raise questions of law as a result of the [Appeals] Council's remand of the case. This allows the claimant a full and fair opportunity to present his or her case. It is immaterial that the claimant originally waived his or her right to a hearing because the claimant may wish to change his or her decision in light of the Appeals Council's reason for remanding the case.
>
> The [ALJ] need not automatically schedule a hearing (except when the Appeals Council orders that a hearing be held), but must inform the claimant, in writing, of the right to a hearing.
>
> INTERPRETATION: On remand, the [ALJ] shall offer the claimant the opportunity for a hearing <u>except in a claim for Title II disability insurance benefits when the period at issue expired before the date of the hearing decision (e.g., insured status expired in a disabled worker's claim . . .). In those instances, the [ALJ] need not offer the claimant the opportunity for a hearing unless the [ALJ] finds that the facts warrant it</u>.

HALLEX II-5-1-3 (emphasis added). As Plaintiff's insured status for DIB expired on June 30, 2018 (see Tr. 15), over two years before the ALJ's decision under review (see Tr. 29), the above-quoted HALLEX provision (on which Plaintiff exclusively relies) does not compel the Court to order a rehearing before an ALJ and, in fact, accords the Appeals Council and (upon its unconditional remand to the ALJ) the ALJ the discretion to decide whether to provide Plaintiff with a hearing upon remand. See De Block v. Colvin, No. 3:13CV1366, 2015 WL 1178478, at *9 (N.D.N.Y. Mar. 13,

7

2015) (unpublished) ("[B]ecause the period during which [the] plaintiff was eligible for DIB expired in 1995, and was before the date of the hearing decision, [] HALLEX [II-5-1-3] does not 'require' a new hearing[;] . . . rather[,] the decision as to whether the facts warrant such a hearing is left to ALJ [upon any remand from the Appeals Council]."); see also id. ("agree[ing]" that "Appeals Council must determine what further proceedings will take place").

Plaintiff additionally asserts that, upon remand, she "has new evidence to submit, including additional testimony, and contentions to raise." (Docket Entry 19 at 2.) Plaintiff, however, did not elaborate on what new evidence she has to submit or what contentions she plans to raise upon remand. (Id.) Moreover, neither party has identified which aspects of Plaintiff's DIB claim warrant further evaluation on remand. (See Docket Entries 18-20.) Under such circumstances, Plaintiff has not supplied the Court with a basis to order Defendant to provide Plaintiff with a new hearing before an ALJ upon remand. See Thibodeau v. Soc. Sec. Admin. Comm'r, No. 1:10CV371, 2011 WL 4344561, at *2 (D. Me. Sept. 13, 2011) (unpublished) ("I am not persuaded by [the plaintiff]'s request for a remand order directing the Commissioner to put the matter before an [ALJ] rather than the Appeals Council. . . . If the Appeals Council concludes that further administrative proceedings need to occur before the ALJ, . . . it has the

8

authority to order such proceedings. On the other hand, if the Appeals Council concludes that it should decide the issues, it may do so and its decision can be reviewed by the [c]ourt in due course. Here, the Commissioner has agreed to reconsider the physical and mental residual functional capacity assessment based on the existing record and no reason exists to include instructions in the [c]ourt's remand order that are contrary to the Commissioner's regulatory scheme."), recommendation adopted, 2011 WL 4597501 (D. Me. Oct. 3, 2011) (unpublished); see also McCauley v. Commissioner of Soc. Sec., No. 3:20CV13069, 2021 WL 5871527, at *16 (E.D. Mich. Nov. 17, 2021) (unpublished) ("I find that the [c]ourt's remand should simply be 'to the Commissioner for further consideration' and that 'the Appeals Council, acting on behalf of the Commissioner, may make a decision . . . dismiss the proceedings . . . or remand the case to an [ALJ]' [and, t]hus, the court will not recommend any language beyond remanding the case to the Commissioner under sentence four of § 405(g)." (some ellipses omitted) (quoting 20 C.F.R. § 404.983)), recommendation adopted, 2021 WL 5867347 (E.D. Mich. Dec. 10, 2021) (unpublished); Diane B., 2018 WL 5024171, at *5 (declining to order rehearing before ALJ on remand where the plaintiff's DIB insured status expired prior to ALJ's decision, and the plaintiff "provide[d] no particular reason why a supplemental hearing [wa]s necessary in th[e] case").

9

## II. CONCLUSION

**IT IS THEREFORE RECOMMENDED** that the Commissioner's decision finding no disability be vacated, that Defendant's Motion to Remand (Docket Entry 17) be granted, and that the matter be reversed and remanded under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

/s/ L. Patrick Auld
**L. Patrick Auld
United States Magistrate Judge**

January 18, 2022